O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 9 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>RICHARD HOON CHUNG,<br><br>           Defendant. | Case No.: SACR 15-00004 CJC<br><br>ORDER OF DETENTION |

I.

A.   ( )   On motion of the Government in a case allegedly involving:

   1.   ( )   a crime of violence.

   2.   ( )   an offense with maximum sentence of life imprisonment or death.

   3.   ( )   a narcotics or controlled substance offense with a minimum sentence of ten or more years.

   4.   ( )   any felony - where defendant convicted of two or more prior offenses described above.

   5.   ( )   any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

1   B.   (X)   On motion by the Government/( ) on Court's own motion, in a case
2                 allegedly involving:
3       (X)   On the further allegation by the Government of:
4           1.   (X)   a serious risk that the defendant will flee.
5           2.   ( )   a serious risk that the defendant will:
6               a.   ( )   obstruct or attempt to obstruct justice.
7               b.   ( )   threaten, injure or intimidate a prospective witness or
8                 juror, or attempt to do so.
9   C.   The Government ( ) is/(X) is not entitled to a rebuttable presumption that no
10      condition or combination of conditions will reasonably assure the defendant's
11      appearance as required and the safety or any person or the community.
12
13                                   II.
14   A.   (X)   The Court finds that no condition or combination of conditions will
15                 reasonably assure:
16       1.   (X)   the appearance of the defendant as required.
17             (X)   and/or
18       2.   (X)   the safety of any person or the community.
19   B.   ( )   The Court finds that the defendant has not rebutted by sufficient evidence
20                 to the contrary the presumption provided by statute.
21
22                                   III.
23      The Court has considered:
24   A.   (X)   the nature and circumstances of the offense(s) charged, including whether
25                 the offense is a crime of violence, a Federal crime of terrorism, or involves
26                 a minor victim or a controlled substance, firearm, explosive, or destructive
27                 device;
28   B.   (X)   the weight of evidence against the defendant;

1 C.  (X)  the history and characteristics of the defendant; and
2 D.  (X)  the nature and seriousness of the danger to any person or the community.

### IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

### V.

The Court bases the foregoing finding(s) on the following:

A.  (X)  As to flight risk: Defendant was born in Korea and speaks Korean fluently (indeed, he requested the assistance of a Korean translator during the hearing even though he became a naturalized U.S. citizen in 1999 and indicated to the Court that he was more than capable of speaking and understanding English). For the last 14 years, on nearly a yearly basis, Defendant has traveled to Korea where he stayed for two to three weeks so he and his wife could visit his wife's parents. Defendant is charged with defrauding the American taxpayers of $7.1 million dollars over the course of several years, has a monthly income of $30,000, has acquired a $3-4 million dollar Beverly Hills home, and drives a 2014 Bentley that he leases for $2,500 a month. Defendant's own actions and conduct demonstrate he is a flight risk because he has substantial assets to comfortably reestablish himself and his family in Korea or some other foreign country if he flees to avoid prosecution from what will undoubtedly be a very lengthy prison sentence if he is convicted of the charged offenses. Despite Defendant's apparent wealth, he also failed to show that he has appropriate sureties and/or adequate bail resources to support a fully secured property bond in the amount of $7-8 million dollars, which the Court finds is not excessive

1                in light of the victim's substantial losses.

2  B.    (X)   As to danger: The nature of the charged offense shows Defendant is a
3                danger because he has the intellect and unmitigated audacity to create and
4                implement a sophisticated complex fraudulent scheme on the Government
5                that went undetected for many years. Defendant's criminal history and the
6                charged offense shows that Defendant has graduated from being a
7                convicted petty thief to a master fraudster. The Government's proffer,
8                combined with facts garnered from Pretrial Services' investigation, also
9                show that Defendant <u>and his wife</u> are both dangers to the community to the
10               extent they appear to have conspired in a fraudulent scheme to frustrate the
11               Government's efforts to seize Defendant's assets and ill-gotten gains by
12               having Defendant transfer all of his assets and interests in their $3-4
13               million dollar Beverly Hills home to his wife, and then obtaining what
14               appears to be a sham divorce in 2014. During times the Government was
15               facing a financial shutdown and many citizens were financially struggling,
16               Defendant continued engaging in the charged financial offense against the
17               United States, and he and his wife continued to live a lavish lifestyle on
18               Defendant's ill-gotten gains. In this regard, Defendant's actions and
19               conduct show he is a danger because he appears to have a complete lack of
20               remorse and conscience.

21                                          VI.

22  A.    ( )   The Court finds that a serious risk exists the defendant will:
23                1.    ( )   obstruct or attempt to obstruct justice.
24                2.    ( )   attempt to/ ( ) threaten, injure or intimidate a witness or juror.
25  B.    The Court bases the foregoing finding(s) on the following:

26      _____

27      _____

28      _____

## VI.

A.   IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B.   IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C.   IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D.   IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 9, 2015

                    /s/ Arthur Nakazato
                    ARTHUR NAKAZATO
                    UNITED STATES MAGISTRATE JUDGE